■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE MANNO, Appellant.— Motion to dismiss the appeal granted. The District Attorney moves for the dismissal of this appeal. The appeal is from a judgment of the Supreme Court rendered June 30, 1967 convicting the defendant of bribery and sentencing him to a term of six months. A prior motion to dismiss for

failure to prosecute was granted May 21, 1968, unless defendant brought the matter on for argument in the September 1968 Term. This has not been done and no further action was taken herein prior to the instant motion. The pendency of the defendant's *coram nobis* application is not a valid excuse for further delay. Two years and 10 months have passed since the conviction. The defendant has failed to establish good cause for the extension of his time to argue this appeal. The consent of the District Attorney to the adjournment of this appeal does not dispense with a showing by the defendant of "good cause" for such extension, as provided in section 529 of the Code of Criminal Procedure. Section 529 provides in part: "If, at the expiration of one hundred and twenty days after the granting of a certificate, the appeal shall not have been argued or submitted to the appellate court, the defendant shall surrender * * * and the judgment shall be executed as though no certificate has ever been granted, unless the court wherein the appeal is pending shall, on five days' notice of motion therefor to the district attorney, for good cause shown, extend the defendant's time to argue such appeal." We have heretofore expressed our disapproval of the practice of permitting extensive periods of time to elapse between the taking and arguing of an appeal, particularly where a certificate of reasonable doubt has been granted. (*People* v. *Reger*, 13 A D 2d 63, 64.) There has been inordinate delay in the prosecution of this appeal. The extended time to argue the appeal expired in September, 1968. Since the defendant has failed to procure an order for further extension, the defendant should be required to surrender. (See *People* v. *Gorney*, 18 A D 2d 964.) Accordingly, the motion to dismiss the appeal is granted, in the exercise of discretion, and the certificate of reasonable doubt is vacated, enlargement of time denied, and the defendant is directed to forthwith surrender himself in execution of the judgment of conviction herein. In the event he does not do so, the District Attorney is directed to move before the appropriate court for an order directing execution of the judgment. Concur — Stevens, P. J., Capozzoli, Markewich and McNally, JJ.